UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

CLIVE SERGEANT,

       **Plaintiff,**

                   **COMPLAINT**
                   **Plaintiff Demands**
    -against-          **A Trial By Jury**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER FNU NICKELS and
POLICE OFFICER FNU HEBERT,

       **Defendants.**
---------------------------------------------------------------------------X

    Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

             ***JURISDICTION***

  1.   This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 18. U.S.C. Sections 242, Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983, 1985 and 1986.

  2.   An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

  3.   Plaintiff brings this action seeking damages pursuant to 42 U.S. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution and the Constitution of the State of New York.

  4.   Plaintiff asserts jurisdiction over the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT of all claims in this Court under 28 U.S.C. § 1367. Plaintiff requests that this Court exercise supplemental jurisdiction over those state law claims that are so

related to claims in this action within such original jurisdiction that they form part if the same case or controversy as do plaintiff's federal claims pursuant to 28 § U.S.C. 1367.

## *VENUE*

5.      The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County of Queens, City and State of New York, in the Eastern District of New York.

## *NOTICE OF CLAIM*

6.      Within ninety (90) days of the incident, a notice of claim was timely filed as required under General Municipal Law 50e., on November 1, 2016.

7.      Since the service of the Notice of claim thirty (30) days have elapsed and adjustment or payment of the claim has been neglected or refused.

8.      This action has been commenced within one (1) year and ninety (90) days of the incident.

## *PRELIMINARY STATEMENT*

9.      Plaintiff alleges that the Defendants, jointly severally, committed a series of unlawful acts that culminated in New York City Police Department defendant **POLICE OFFICER FNU NICKELS (P.O. NICKELS)** unlawful and improper arrest and imprisonment of plaintiff who was unlawfully assaulted, prosecuted, harassed and subjected to the use of excessive force on October 22, 2016.

10.      The failure of the Defendants *CITY OF NEW YORK (CITY)* and the *NEW YORK CIYT POLICE DEPARTMENT (NYPD)* to adopt and/or enforce adequate policies, procedures and practices to address the vicious and dangerous propensities of their police officers constituted deliberate indifference and was the proximate cause of Plaintiff's injuries.

11.     It is further alleged that the Police Commissioner as the supervisory officer of the NYPD personnel and the City of New York as the employer of the police personnel are responsible for the conduct of the defendants for their failure to take corrective action with respect to the NYPD personnel whose vicious and dangerous propensities were notorious, for his failure to assure proper supervision and training of NYPD personnel and for his failure to implement meaningful procedures to discourage and prohibit lawless official conduct by their NYPD personnel.

## *PARTIES*

12.     Plaintiff, ***CLIVE SERGEANT (SERGEANT)***, is and was at all times herein mentioned, a citizen and a resident of the State of New Jersey.

13.     The defendant, ***CITY OF NEW YORK***, **(CITY)** is a municipal corporation and political subdivision of the State of New York.

14.     The defendant, ***NEW YORK CITY POLICE DEPARTMENT*** **(NYPD)** is a municipal agency under the supervision and control of the defendant **CITY**.

15.     The defendant, ***P.O. NICKELS,*** is a Police Officer employed by the Defendants **CITY** and **NYPD.**

16.     The defendant, ***POLICE OFFICER FNU HEBERT*** **(P.O. HEBERT),** is a police officer employed by the defendants **CITY** and **NYPD**.

17.     Defendants **CITY** and **NYPD,** jointly and severally, are responsible for overseeing, *inter alia,* the Day-to-Day Patrol Operations and Arrest procedures and thus are aware of the dangers of excessive force used against civilians, specifically African American males, and thus are aware of the serious incidents involving excessive force, false arrest and imprisonment of African American males with staffing and operations, policies and procedures and compliance.

3

18.     That at all times herein mentioned, defendant **P.O. NICKELS**, employed by the defendants **CITY** and **NYPD,** in the capacity of police officer, and was acting in such capacity as an agent, servant and employee of the defendants, **CITY** and **NYPD,** and he is sued individually and in his official capacity.

19.     That at all the times herein mentioned, defendant **P.O. NICKELS,** was acting under color of state law and under his authority as a police officer for the defendants, **CITY** and **NYPD**.

20.     That at all times herein mentioned, defendant **P.O. HEBERT**, employed by the defendants **CITY** and **NYPD,** in the capacity of police officer, and was acting in such capacity as an agent, servant and employee of the defendants, **CITY** and **NYPD,** and she is sued individually and in her official capacity.

21.     That at all the times herein mentioned, defendant **P.O. HEBERT,** was acting under color of state law and under her authority as a police officer for the defendants, **CITY** and **NYPD**.

22.     That at all times herein mentioned, each of the defendants were responsible for making and enforcing the policies of defendant **NYPD** and were acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York. Defendant **NYPD**, through its senior officials, promulgates and implements policies, including but not limited to policies with respect to the use, reporting and investigation of force or abuse by uniformed staff, the rights and privileges of civilians, specifically African American males. The practice of using unconstitutional force during routine arrests (illegal or legal), and of covering up that unconstitutional force by fabricating false charges against the victims, at all relevant times was known to and perpetuated, permitted, encouraged and institutionalized by **NYPD** supervisors, including high-ranking **NYPD** personnel.

4

Because of the practice of using unconstitutional force and making false charges against victims, and of discriminating against African American males, has been widespread, longstanding, and deeply embedded in **NYPD** culture, it constitutes an unwritten municipal policy or custom of the City of New York. The defendants **CITY** and **NYPD,** jointly and severally, are responsible for the appointment, training, supervision and conduct of all **NYPD** personnel, including the individual named Defendants.

### FACTS

23.    On October 22, 2016, at or about 11:00 P.M., the plaintiff **SERGEANT** was lawfully driving his motor vehicle on Jamaica Avenue, between 165th and 166th Street in the County of Queens, City and State of New York.

24.    On October 22, 2016, at or about 11:00 P.M., the defendant **P.O. NICKELS** was operating a marked defendant **NYPD** patrol vehicle in the vicinity of Jamaica Avenue, between 165th and 166th Street in the County of Queens, City and State of New York.

25.    Defendant **P.O. HEBERT** was a passenger in defendant **NYPD** patrol vehicle driven by defendant **P.O. NICKELS.**

26.    On October 22, 2016, at or about 11:00 P.M., Plaintiff **SERGEANT** drove by a defendants **P.O. NICKELS** and **P.O. HEBERT's** marked defendant **NYPD** patrol car in the opposite direction on Jamaica Avenue between 165th and 166rh Street in the County of Queens.

27.    Defendant **P.O. NICKELS** abruptly U-turned his vehicle, turned on the warning lights and drove to the rear of plaintiff's vehicle.

28.    Plaintiff immediately pulled his motor vehicle over to the shoulder of Jamaica Avenue and turned his motor vehicle off.

29.    Defendant **P.O. NICKELS** approached the driver side door of plaintiff's vehicle.

30.     Plaintiff rolled own the driver side window and asked defendant **P.O. NICKELS,** "Can you tell me what I am being pulled over for?"

31.     Defendant **P.O. NICKELS** responded, "License, registration and insurance."

32.     Plaintiff complied and handed defendant **P.O. NICKELS** his license, registration and insurance.

33.     Defendant **P.O. NICKELS** returned to his patrol car.

34.     Three (3) defendant **NYPD** patrol cars arrived at the scene.

35.     After approximately five (5) minutes, defendant **P.O. NICKELS** returned to plaintiff's vehicle.

36.     Defendant **P.O. NICKELS** said, "Get out of the car."

37.     Plaintiff asked defendant **P.O. NICKELS,** "Can you tell me why I was pulled over?"

38.     Defendant **P.O. NICKELS** did not respond.

39.     Plaintiff asked defendant **P.O. NICKELS, "**Can you tell me why I have to get out of my car?"

40.     Defendant **P.O. NICKELS** reached into Plaintiff's vehicle through the driver side window and hit the "Unlock/Lock" button which unlocked the doors of plaintiff's vehicle.

41.     Plaintiff asked defendant **P.O. NICKELS,** "Can you please tell me what is going on?"

42.     Defendant **P.O. NICKELS** opened the driver's side door of plaintiff's vehicle and rolled down the windows of plaintiff's vehicle.

43.     Defendant **P.O. NICKELS** said to plaintiff, "Get out of the car."

6

44.     Defendant **P.O. HEBERT** exited the defendant **NYPD** patrol car and walked over to defendant **P.O. NICKELS** and plaintiff.

45.     Plaintiff again asked defendant **P.O. NICKELS,** "Can you tell me why I have to get out of my car?"

46.     Defendant **P.O. NICKELS** reached into plaintiff's vehicle and attempted to grab plaintiff's arm.

47.     Plaintiff said to defendant **P.O. NICKELS,** "What are you doing? You have to tell me why I have to get out."

48.     Defendant **P.O. NICKELS** shouted at plaintiff, "I don't have to tell you shit. Just get out of the car!"

49.     Plaintiff said, "I just want to know why I have to get out and I will get out."

50.     Defendant **P.O. NICKELS** said, "I am sick of this shit," and simultaneously launched his upper body into plaintiff's vehicle and struck plaintiff's jaw with a closed fist.

51.     Plaintiff was in fear of his life.

52.     Plaintiff grabbed his face and said, "Okay. Okay. Let go of me! I am getting out! I am getting out!"

53.     Defendant **P.O. HEBERT** grabbed defendant **P.O. NICKELS** and said, "Relax! I'll get him out of the car. Just go and relax!"

54.     Defendant **P.O. NICKELS** retreated from Plaintiff's vehicle.

55.     Defendant **P.O. HEBERT** approached the driver's side door of plaintiff's vehicle and said, "Mr. Sergeant, please exit the vehicle. I will explain everything once we are in the squad car."

56.     Defendant **P.O. HEBERT** escorted plaintiff to defendant **NYPD** patrol car.

57.     Defendant **P.O. HEBERT** handcuffed plaintiff and placed him in the rear seat of the defendant **NYPD** patrol car.

57.     Plaintiff asked **P.O. HEBERT**, "Why are you arresting me?"

58.     Defendant **P.O. HEBERT** replied, "You will find out at the precinct."

59.     Plaintiff was transported to the 103rd Precinct by defendant **NYPD** police officers.

60.     Upon entering the 103rd Precinct, defendant **NYPD** police officers searched Plaintiff and found no contraband.

61.     Plaintiff was fingerprinted and photographed.

62.     Plaintiff was placed in a holding cell.

63.     Plaintiff informed defendant **P.O. HEBERT** that he needed medical attention.

64.     Plaintiff was ignored.

65.     Plaintiff asked defendant **P.O. HEBERT** why he was arrested.

66.     Plaintiff was informed that he had a suspended license due to an unpaid traffic ticket.

67.     Plaintiff made continuous requests to the defendant **NYPD** personnel in the holding pens for medical assistance due to the severe pain in his jaw and head.

68.     Plaintiff's requests were ignored.

69.     On October 23, 2016, at or about 12:30 A.M., plaintiff was transported to Central Bookings.

70.     On October 23, 2016, at or about 4:00 P.M., Plaintiff was produced before a Judge in the Criminal Court of the County of Queens.

71.     Plaintiff's legal aid attorney informed Plaintiff that the complaint against him was for his vehicle's headlights being out.

72.     Plaintiff's attorney advised plaintiff that he could either pay a fine of $163.00 or he would be adjourned for another court date.

73.     Plaintiff paid the $163.00 fine.

74.     Defendants, **CITY, NYPD, P.O. NICKELS** and **P.O. HEBERT,** jointly and severally, committed the following acts:

a)      Without a legal or just reason or probable cause arrested, assaulted, battered and imprisoned plaintiff.

b)      Knowingly and intentionally conspired to cover-up their actions towards plaintiff which were violations of his constitutional rights.

c)      Knowingly, intentionally and maliciously harassed, taunted, assaulted and intimidated the plaintiff without cause.

d)      Held plaintiff at the defendant *NYPD* Precinct knowing that there was no existing probable cause to detain and arrest plaintiff.

e)      Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, federal and state case law, rules, regulations and statues.

f)      Failed and refused to timely advise plaintiff of the reasons for his arrest.

g)      Failed and refused to provide Plaintiff with adequate and reasonable medical attention for his injuries.

h)      Assaulted, battered and used excessive force on Plaintiff.

i)      The actions of each defendant were malicious and sadistic and in the nature of a hate crime.

75.     Defendants **CITY** and **NYPD**, jointly and severally, were aware of the serious danger and risk of further physical abuse, violence and harassment of civilians, specifically plaintiff, by defendants **P.O. NICKELS** and **P.O. HEBERT.**

76.     Defendants, **CITY, NYPD** and other unknown defendant **NYPD** personnel, jointly and severally, did nothing to protect the society and the plaintiff from further physical abuse, violence, harassment and violation of civil rights from defendants **P.O. NICKELS** and **P.O. HEBERT.**

77.     To date, Plaintiff lives in constant fear, anxiety and depression due to the actions of defendants **P.O. NICKELS** and **P.O. HEBERT,** jointly and severally.

78.     As a result of the foregoing, Plaintiff sustained severe and permanent psychological and physical injuries and damages.

**DEFENDANTS HAVE AUTHORIZED OR CONDONED
CONDUCT THAT TOLERATES FALSE ARREST, ILLEGAL IMPRISOMENT,
EXCESSIVE FORCE AND HARASSMENT OF AFRICAN AMERICAN MALES**

79.     Defendants, **CITY** and **NYPD**, jointly and severally, condoned, ratified and/or adopted and continue to condone, ratify and/or adopt widespread and pervasive customs, policies and practices that are so deficient that these defendants are deliberately indifferent to the substantial risk of serious harm to and constitutional violations of African American males, including plaintiff.

80.     Upon information and belief, the custom, policy and practice condoned by Defendants, **CITY** and **NYPD,** jointly and severally, permits their police officers to illegal stop, search, arrest, imprison, use excessive force and harass African American males, like Plaintiff, and allow their police officers, who lack in proper training, to be on the NYPD force without proper

supervision or adequate protections to prevent their police officers from committing constitutional violations against African American males.

81.     Upon information and belief, defendant **NYPD** police staff regularly and intentionally permits their police officers to use excessive force and harass African American males, including Plaintiff, even when the individual does not present a threat to the police personnel or attempts to resist arrest, be it illegal or legal. In consequence, these African American males suffer physical abuse, assault, battery, harassment and other violence.

82.     Defendants, **CITY** and **NYPD,** along with other unknown police personnel, jointly and severally, condoned and ratified a policy, custom and practice by which their police officers are not adequately screened for abuse of authority or violence and continue to condone and/or ratify this custom or practice.

83.     Defendants, **CITY** and **NYPD,** along with other unknown police personnel and supervisors, jointly and severally, failed to train and/or supervise, and continue to fail to train and/or supervise the implementation of written policies that, in contrast to the widespread and pervasive custom, policy and practice, require their police officers to be screened for abuse of authority or violence.

84.     Defendants, **CITY** and **NYPD,** along with supervisors, captains and other personnel, jointly and severally, condoned and ratified, and continue to condone and ratify, a custom, policy and practice of insufficient direct supervision of their police personnel to protect African American males, like plaintiff, from illegal stop, search, arrest, imprison, use excessive force and harassment.

85.     Defendants, **CITY** and **NYPD,** as well as other supervisors, captains, and other high ranking personnel, jointly and severally, condoned and ratified, and continue to condone and

11

ratify, a custom, policy and practice by which their police officers are not adequately trained in the procedure of making an arrest of an individual to avoid the use of excessive force on an individual, like Plaintiff.

86.     Upon information and belief, defendant **NYPD's** police personnel do not use the information available to them that African American males, like Plaintiff, are substantially more vulnerable to future serious abuse. The custom, practice and policy in place by defendants', jointly and severally, permitted defendant **NYPD's** police personnel to continue to use illegal excessive force when making an arrest, instead of recognizing that their police personnel need to be adequately and properly training to avoid the use of excessive force during an arrest.

87.     Defendants, **CITY** and **NYPD,** as well as supervisors, captains, and other high ranking personnel, jointly and severally, failed to train and/or supervise the implementation of written policies that, in contrast to the widespread and pervasive custom, policy and practice, require that their police officers be trained in the procedure of making an arrest without the use of excessive force.

88.     Defendants, **CITY** and **NYPD,** along with their personnel, jointly and severally, condoned and ratified, and continue to condone and ratify, a custom, policy and practice of insufficient direct supervision to protect African American males, like plaintiff, from the use of excessive force during an arrest.

89.     Upon information and belief, defendants **CITY** and **NYPD**, jointly and severally, have failed to adequately identify and retain qualified employees.

90.     Upon information and belief, defendants **CITY** and **NYPD**, jointly and severally, have instilled a policy, custom and practice of allowing their police personnel to exert control, use

excessive force and victimize African American males, like Plaintiff, without any consequence(s) for their actions.

91.    Defendants, **CITY** and **NYPD,** and their staff, jointly and severally, are aware and have knowledge of the requirements mandated by New York State's written policies and the United States Constitution and continue to fail to adequately train and/or supervise their police personnel with regards to the procedures for an arrest and the use of excessive force.

92.    Defendants, **CITY** and **NYPD** and staff, supervisors, and captains, jointly and severally, condoned and ratified a custom, policy and practice in which defendant **NYPD's** police personnel are inadequately trained on the procedures for and of an arrest and the use of excessive force; and this custom and practice continues.

93.    Defendants, **CITY** and **NYPD,** jointly and severally, condoned and ratified a custom, policy and practice in which defendant **NYPD's** police personnel conduct perfunctory and incomplete investigation(s) of civilian complaints, including complaints involving African American males and police personnel.

94.    Defendants, **CITY** and **NYPD,** jointly and severally, have failed to adequately train and/or supervise their subordinates with regards to adequate training of New York State's written policies to ensure that all defendant **NYPD** police personnel to gather and preserve direct and circumstantial evidence; take immediate action to protect civilians, specifically African American males, from substantial risk of false arrest, imprisonment and use of excessive force; and take an active role in the investigation, interviewing alleged victims, suspected perpetrators and witnesses, and reviewing prior complaints and reports of authority abuse and use of excessive force involved with the suspected perpetrator, in conformity with written policies.

13

95.     Defendants, **CITY** and **NYPD,** as well as supervisors, captains, commissioners, deputy commissioners, jointly and severally, are responsible with monitoring the policies for responding to civilian false arrest, imprisonment and use of excessive force and ensuring that complaints of such abuse are impartially and adequately investigated.

96.     Defendants, **CITY** and **NYPD,** their supervisors, captains, commissioners and deputy commissioners, jointly and severally, have failed to adequately train and/or supervise their subordinates with regards to adequate training of New York State's written policies and to ensure that complaints by civilians, specifically African American males, of false arrest, imprisonment and use of excessive force are impartially and adequately investigated.

97.     Upon information and belief, Defendants, **CITY** and **NYPD,** their staff. jointly and severally, have failed to hire, train and supervise an adequate number of employees to investigate and review complaints by civilians of false arrest, imprisonment and use of excessive force in by defendant **NYPD's** personnel, specifically complaints of this abuse by African American males, like Plaintiff.

98.     Defendants, **CITY** and **NYPD,** jointly and severally, have failed to adequately train and supervise their staff on mechanisms to reduce and prevent false arrest, imprisonment and use of excessive force of civilians, specifically African American males, demonstrating deliberate indifference to the substantial risk of serious harm to said civilians.

99.     Defendants, **CITY** and **NYPD,** jointly and severally, failure to train and supervise their subordinates as required by New York State Law have created a culture of apathy toward false arrest, imprisonment and use of excessive force for African American males, such as the Plaintiff.

14

100.    Defendants, **CITY** and **NYPD,** their staff, supervisors, captains, commissioners and deputy commissioners, jointly and severally, failed to take reasonable steps to protect Plaintiff from the risk of false arrest, imprisonment, harassment and use of excessive force.

101.    The above actions and failures of the Defendants, **CITY** and **NYPD,** jointly and severally, has caused Plaintiff serious and permanent physical and psychological injuries.

**FIRST CAUSE OF ACTION**
**FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE**
**SEARCHES AND SEIZURES UPON FALSE ARREST AND IMPRISONMENT**

102.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

103.    As a result of the above, including the arrest of Plaintiff without probable cause, the defendants' individually deprived Plaintiff of his rights, privileges and immunities secured by the Constitution, laws of the United States and the Fourteenth (14th) amendment.

104.    As a result of the above, the defendants individually deprived Plaintiff of the right to be free from unreasonable search and seizures secured by the Constitution, laws of the United States, the Fourth (4th) and Fourteenth (14th) amendments.

105.    As a result of the above, defendants individually deprived Plaintiff of his right to liberty without due process of law secured by the Constitution, laws of the United States, the Fifth (5th) and Fourteenth (14th) amendment.

106.    The above conduct by Defendants, jointly and severally, was instigated by Defendants for other than lawful reasons and without probable cause.

107.    The above constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

108.    The above acts of Defendants, jointly and severally, were intentional, willful and malicious and performed with reckless disregard for and deliberate indifferent to plaintiff's rights.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UPON FALSE ARREST AND IMPRISONMENT

109.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

110.    As a result of the above as described aforesaid, including the arrest of Plaintiff without probable cause, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD** (Badge of Authority), individually deprived Plaintiff of his rights, privileges and immunities secured by the Constitution, laws of the United States and the Fourteenth (14th) amendment.

111.    That by engaging in the foregoing acts, practices and courses of conduct, the defendants, their supervisors, agents, servants, employees, used their positions in law enforcement for improper purposes, subjecting plaintiff to deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied him protected rights to be free from assault, false arrest, illegal imprisonment, battery, abuse, degradation, intimidation and humiliation without cause.

16

112.    As a result of the above, the defendants individually deprived Plaintiff of the right to be free from unreasonable seizures secured by the Constitution, laws of the United States, the Fourth (4th) and Fourteenth (14th) amendments.

113.    As a result of the above, defendants individually deprived Plaintiff of his right to liberty without due process of law secured by the Constitution, laws of the United States, the Fifth (5th) and Fourteenth (14th) amendment.

114.    The above conduct by Defendants, jointly and severally, was instigated by Defendants for other than lawful reasons and without probable cause.

115.    The amount and type of physical force used upon plaintiff by Defendant **P.O. NICKELS** was unnecessary, improper, excessive and not reasonably justified under any circumstances.

116.    The above constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

117.    The above acts of Defendants, jointly and severally, were intentional, willful, and malicious and performed with reckless disregard for and deliberate indifferent to plaintiff's rights and physical well-being and were done to humiliate, degrade, intimidate and harass plaintiff and plaintiff had not committed any improper acts or disobeyed any lawful directive.

118.    The above use of force caused immediate injury in the form of physical and emotional pain, loss of five (5) teeth, suffering, contusions, bruising, shock, fright, extreme emotional distress, humiliation, embarrassment, medical treatment, future corrective medical treatment and deprivation of plaintiff's constitutional rights.

119.    As a result of the above, Plaintiff has suffered damages.

17

### THIRD CAUSE OF ACTION
### FOR FAILURE TO INTERVENE TO PREVENT
### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

120.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

121.    The above actions of the Defendants, jointly and severally, particular the superior officers who had supervisory authority over the individual defendants, individually, failed to intervene to prevent or end the lawful and unconstitutional conduct inflicted upon plaintiff by defendants.

122.    The above constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

123.    The above actions of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

124.    The above failure to intervene caused immediate injury in the form of physical and emotional pain, suffering, shock, fright, humiliation, embarrassment and deprivation of plaintiff's constitutional rights.

125.    As a result of the foregoing, Plaintiff has suffered damages.

### FOURTH CAUSE OF ACTION
### FOR FALSE ARREST, IMPRISONMENT
### AND EXCESSIVE FORCE UNDER STATE LAW

126.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

18

127.    As a result of the foregoing, Plaintiff was, without just cause or provocation, maliciously, recklessly and/or intentionally arrested, hand cuffed and imprisoned without probable cause resulting in serious physical and emotional injury to Plaintiff.

128.    That the actions of the defendants as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD** (Badge of Authority), jointly and severally, their agents, servants and/or employees, specifically defendants **P.O. NICKELS** and **P.O. HEBERT,** without just cause or provocation, maliciously, recklessly, and/or intentionally arrested, assaulted, hand cuffed and imprisoned plaintiff without probable cause resulting in serious physical and emotional injury.

129.    That the occurrence and injuries sustained by plaintiff were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without any provocation or fault on the part of the plaintiff.

130.    That as a direct, sole and proximate result of the false arrest, imprisonment and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life.

131.    As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and his standing within his community.

## FIFTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, SUPERVISION AND RETENTION

132.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

133.    That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees carelessly, negligently and recklessly hired applications for position of police officers.

130.    That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees carelessly, negligently and recklessly trained applications for position of police officers.

131.    That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees carelessly, negligently and recklessly retained, supervised, controlled, managed, maintained and inspected the activities of police officers.

132.    That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees caused, permitted and allowed its police officers, specifically defendants **P.O. NICKELS** and **P.O. HEBERT,** to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out its official duties and/or responsibilities.

133.    That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, police officers, specifically defendants **P.O. NICKELS** and **P.O.**

**HEBERT,** clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

134. That at all times hereinafter mentioned, the defendants **CITY** and **NYPD,** jointly and severally, by and through its' agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally assaulted, battered, physically abused, falsely arrested, hand cuffed, imprisoned and assaulted plaintiff causing serious physical injury to plaintiff.

135. That the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the defendants **CITY** and **NYPD,** its agents, servants and/or employees as set forth above, without any provocation or fault on the part of the plaintiff, specifically, the negligent and reckless manner in which said Defendants hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers and police department, specifically defendants **P.O. NICKELS** and **P.O. HEBERT.**

136. As a result of the foregoing, Plaintiff has suffered damages.

## SIXTH CAUSE OF ACTION
### FOR MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICES AND CUSTOMS UNDER 42 U.S.C. §1983

137. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

138. Defendants, **CITY** and **NYPD,** jointly and severally, their **NYPD** Police Commissioner, as the **NYPD's** final policymaker, are responsible for the defendant **NYPD's**

policy, practice and custom of being deliberately indifferent to the vicious propensities of its officers.

139.     Defendants, **CITY** and **NYPD,** jointly and severally, knew or should have known that the failure to adequately address the violent propensities of its police officers, specifically defendants, **P.O. NICKELS** and **P.O. HEBERT**, had caused problems in the past, and would continue to cause problems in the future, including violations of constitutional rights because of the failure to adopt and implement adequate policies, procedures and practices and to adequately screen, train, supervise and/or discipline their police officers engaging in, or likely to engage in, such behavior.

140.     Defendants, **CITY** and **NYPD,** jointly and severally, despite actual knowledge of this unconstitutional pattern and practice by its rank and file, leadership at the defendant **NYPD** failed to implement any additional training or education of its officers to lessen the usage of excessive force during arrests.

141.     The defendant **NYPD's** policy, practice and custom of the usage of this illegal and unconstitutional excessive force during arrests directly and proximately caused harm to the Plaintiff.

142.     The constructive acceptance towards the regular and routine use of excessive force during arrests on the part of the defendants **CITY** and **NYPD,** jointly and severally, their agents, servants and officers, specifically defendants, **P.O. NICKELS** and **P.O. HEBERT**, directly and proximately caused the deprivation of Plaintiff's constitutional rights secured by the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

143.    As a result of the foregoing, Plaintiff was caused to suffer severe and permanent physical, psychological and emotional injuries, violations of his civil rights, emotional distress, depression, fear, anxiety, anguish, humiliation, medical treatment, loss of freedom and damage to his reputation within his community.

## SEVENTH CAUSE OF ACTION
## ASSAULT

144.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

145.    As a result of the above, Defendants, jointly and severally, by and through their agents, servants, officers and employees, placed Plaintiff in apprehension of imminent harmful and offensive contact which resulted in injuries to Plaintiff's person, thereby committing an assault upon him.

146.    As a result of the foregoing, Plaintiff has suffered damages.

## EIGHTH CAUSE OF ACTION
## BATTERY

147.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

148.    As a result of the above, the defendants, jointly and severally, their agents, servants, employees and police officers, specifically defendant **P.O. NICKELS** without just cause or provocation, maliciously and intentionally battered, physically abused, hand cuffed and punched Plaintiff in the face causing serious injury to Plaintiff.

23

149.    That the occurrence and injuries sustained by plaintiff, were caused solely by the malicious, reckless and/or intentional conduct of the defendants, jointly and severally, by and through their agents, servants, employees and police officers, specifically defendants, **P.O. NICKELS** and **P.O. HEBERT,** without any contributing provocation or fault on the part of the plaintiff.

150.    As a result of the above, Plaintiff has suffered damages.

### NINTH CAUSE OF ACTION
### NEGLIGENCE

151.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

152.    The actions of the Defendants as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **NYPD**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **NYPD** (Badge of Authority), jointly and severally, their agents, servants, employees and police officers, negligently caused emotional distress, physical and psychological injuries and damages to Plaintiff.

153.    The above acts of the defendants, jointly and severally, their agents, servants, employees and police officers, specifically defendants **P.O. NICKELS** and **P.O. HEBERT,** were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed to him by the laws of the Constitution of the State of New York.

154.    As a result of the above, Plaintiff has suffered damages.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL HARM

155.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

156.   As a result of the above, defendants, jointly and severally, their agents, servants, employees and police officers, specifically defendants **P.O. NICKELS** and **P.O. HEBERT,** intentionally, wantonly, carelessly, recklessly and/or negligently engaged in extreme, offensive and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society standards thereby inflicting mental and emotional distress upon Plaintiff.

157.   As a result, Plaintiff has suffered damages.

## ELEVENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

158.   Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "101" of the complaint, as if the same were set forth more fully and at length herein.

159.   That by the defendants, jointly and severally, their agents, servants, employees and police officers, engaging in the foregoing acts which were willful, wanton, reckless and/or malicious conduct resulted in Plaintiff's injuries.

160.   The actions of the defendants, jointly and severally, their agents, servants, employees and police officers, specifically defendants **P.O. NICKELS** and **P.O. HEBERT,** reflect utter indifference to the safety and well-being of others, specifically of the Plaintiffs, and to protecting the rights and laws of the United States and State of New York.

161.    The actions of the defendants, jointly and severally, their agents, servants, employees and police officers, specifically defendants **P.O. NICKELS** and **P.O. HEBERT**, exhibited a reckless disregard for human life and the safety of others, specifically of the life, safety and well-being of Plaintiff.

162.    As a result, Plaintiff has suffered damages.

*WHEREFORE*, plaintiff, **CLIVE SERGEANT**, demands judgment as follows:

A.    As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B.    As to the second cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C.    As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

D.    As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

E.  As to the fifth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

F.  As to the sixth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

G.  As to the seventh cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

H.  As to the eighth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

I.  As to the ninth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

J.  As to the tenth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million

($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

   K.  As to the eleventh cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

   M.  A declaratory judgment that the practices, acts and omissions complained of herein violated Plaintiff's rights.

   N.  Punitive Damages.

   O.  Reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988; and

   P.  And for such other and further relief as just and proper.

Dated:  New York, New York
    August ___7___, 2017

             Yours, etc.,

             **DEVON M. WILT (DW2120)**
             Attorney for Plaintiff
             CLIVE SERGEANT
             160 Broadway – 4th Floor
             New York, New York 10038
             (212)406-9200

Index No.:                     Year                    RJI No.:                              Hon:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER SANCHEZ,

                              Plaintiff,

        -against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
FNU NICKELS and POLICE OFFICER FNU HEBERT.

        Defendants.

---

## COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**160 Broadway – 4th Floor**
**NEW YORK, N.Y. 10038**
**(212) 406-9200**

---

To:                                                   Signature (Rule 130-1.1-a)

_____

Print name beneath                                    Attorney(s) for

---

Service of a copy of the within                       is hereby admitted.
Dated,

_____

                                                      Attorney(s) for

---

Please take notice
Í NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
Í NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                on

                                                      Yours, etc.

To:                                                   DEVON M. WILT
                                                      Attorney for Plaintiff
Attorney(s) for:                                      **160 Broadway-4th Floor**
                                                      **NEW YORK, NY 10038**